U.S. District Court, Northern District of Illinois

Zakii Tawwab Wahiid
  Petitioner

vs

People of The State of Ill.,
Prisoner Review Board, et al
  Respondent

Case No. _____

## Habeas Corpus Petition For Judgement Relief

Now Comes, Zakii Tawwab Wahiid, pro se petitioner herein and pursuant to 735 ILCS 5/2-1401 et seq., seeking leave to file Habeas Corpus to address the points of law and constitutional violation herein filed pro se and hereby petition this Honorable Court to grant Judgement Relief from Judgement entered by ~~the above~~ Circuit Court, Kane County on April 11, 2001, in the above captioned cause of action.

In Support Thereof Petitioner States The Following.

Supreme Court of Ill. in People v. Whitfield, 840 N.E. 2d 658 (2005), Mandatory Supervised Release (hereafter MSR) term negotiated 25 years sentence for murder, without admonishment, amounted to a unilateral modification and breach of the plea agreement. Such error violated defendants constitutional rights to Due Process and Fundamental Fairness; and appropriate remedy was to modify sentence to a term of 22 years of imprisonment, to be followed by the mandatory 3 years term of supervised release.

### Statement of Facts

The issue presented for review questions Mandatory Supervised Release. The Ill. Supreme Court has held: "that statutory language must be given it's plain and ordinary meaning" People v. Bole, 613 N.E. 2d 740, And where that language is clear and unambiguous, we must apply the statute without

(1)

Further Aides of Statutory Construction:

Futhermore the Court has held: Crim. Law 273.1 (2) 990.1 (MSR) Term Where Applicable is imposed as though written into the Term of Imprisonment by the Sentencing Court demonstrating that the State has no right to offer the witholding of such period as part of a plea negotiation and the Court has no power to withhold such period in imposing sentence.

This results in petitioner to be unlawfully on (MSR) after he has already served his maximum sentence day-for-day credits. It also causes petitioner to be imprisoned beyond the proper period of imprisonment imposed by the Court. People Ex Rel. Michaels v. Bowen, 12 N.E. 2d 625.

The Ill. Dept. of Corr. uses the (MSR) period as an afterthought. They do not incorporate the (MSR) release period within the sentence imposed by the Court. The Dept. of Corr. computes the amount of time an individual may be incarcerated by dividing the sentence by two for application of day-for-day good time statute. The (MSR) period is administered as an isolated statute. Rather than abide by the written statute, The Dept. of Corr. elects to add (MSR) period after the total incarceration time has been served. By serving one half of the imposed sentence day-for-day set by the Court. The entire sentence has been diminished. Sentence is to include a term of imprisonment, term of imprisonment is to include (MSR) therefore, sentence is to include (MSR).

The Dept. of Corr. disregards the (MSR) period as being part of the sentence imposed by the Court. (MSR) is considered as still "in custody" once a person has served one-half of an imposed sentence, the (MSR) period becomes an extention upon the original sentence imposed by the Court. (MSR) and term of imprisonment are both considered as "in custody" and therefore, are in direct relation to each other.

(2)

) The ILL. Dept. of Corr. is failing to aggragate the (MSR) period into the period of incarceration to satisfy the entire sentence of imprisonment. Therefore, the ILL Dept. of Corr. unlawfully calculates a sentence of imprisonment for failure to include the term of (MSR) into the term of imprisonment.
15 years sentence
5½ years of incarceration is 40% of total sentence."
2 years (MSR) release is 10% of total sentence."
Day-for-Day Good Time is 50% of total sentence."
This fulfills 100% of the courts imposed sentence.

B) Petitioner does not wish to withdraw his plea but have modified to 5½ years imprisonment plus two years (MSR).

) The primary concern at issue is the misinterpretation by Respondents how 7½ years day-for-day served on 15 year determinate and specific sentence and a addition of two years (MSR) to be attached upon release without violating the day-for-day statute and without imposing an additional sentence and multiple punishment by the attachment of (MSR). So that statutes relating to the same subject matter can work in harmony in one spirit and in single policy as well as to avoid petitioner from serving more time in prison and on (MSR) unlawfully.

) Petitioner futher contends that it is not too early to find prejudice before he has actually served the full 7½ years physical incarceration. The mere fact that Petitioner faces an additional two years (MSR) upon release of a sentence that was lawfully completed is unconstitutional. Moreover, the addition of (MSR) after day-for-day resulting in Petitioner sentence being completed. Constitutes Double Jeopardy prohibited by the 5th Amendment to the U.S. Constitution which states: In pertinent part; No person shall be subject for the same offense to be twice put in jeopardy of life and limb.

(3)

Therefore, Petitioner believes that he has sufficiently established his entitlement to recieve the relief sought pursuant to statute 730 ILCS 5/5-8-1(d)-(I) and has exhibited due diligence in his efforts to bring this issue of error to the attention of this Honorable Court for correction. Petitioner believes in good faith that he has a ~~prep~~ meritorious claim to pursue in this Court.

Wherefore, Petitioner prays that this Honorable Court will grant Petitioner all relief sought in his cause of action. Modify Petitioner sentence to 5½ years imprisonment plus two years (MSR). Petitioner became entitled to release no sooner than Mar. 25, 2006, if earned credit time is restored, and no later than Sept. 25, 2007, if earned credit isn't restored <u>immediate release</u> to finish service of two years (MSR). Declaratory judgement that Respondents acts, policies and practices violated Petitioner's rights under the U.S. Constitution. Compensatory and punitive damages in amounts of $350,000 from each Respondents.

Petitioner request futher this Honorable Court to enjoin the Respondents from applying the Ill. State 730 ILCS 5/3-7-6. That allows the practice of Ill. Dept. of Corr. confiscating the financial result from this claim and any other relief this Honorable Court deems appropriate and proper.

*Jukii T. Wahiid*

Executed this __9th__ day of Dec. 2007, under penalty of perjury pursuant to (735 ILCS 5/1-109 Ill. Code of Civil Procedure).

(4)

# AFFIDAVIT

I, Zakii Tawwab Wahiid, AFFIANT do hereby declare and affirm under penalty of perjury as defined in 735 ILCS 5/1-109, 28 USC 1746 or 18 USC 1621 that everything contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm that the contents of the foregoing document(s) is/are known to me and is/are accurate to the best of my knowledge and belief.

Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 9th day of Dec. 2007.

*Zakii T. Wahiid*