UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. ZAKII WAHIID, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 08 C 637 |
| TERRY MCCANN, Warden, | ) ) | The Honorable William T. Hart, |
| Respondent. | ) | Judge Presiding. |

## **MOTION TO DISMISS**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. §2244(d)(1), respondent TERRY MCCANN moves to dismiss the above-captioned Petition for Writ of Habeas Corpus as time-barred, and states as follows:

1.      Petitioner Zakii Wahiid is currently incarcerated in the Stateville Correctional Center in Joliet, Illinois, and is identified as prisoner number K52467. He is in the custody of Terry McCann, warden of that facility.

2.      On February 1, 2001, petitioner entered a non-negotiated guilty plea to one count of aggravated robbery in the Circuit Court of Kane County, Illinois. (Resp. Exh. A, Motion for summary remand in *People v. Wahiid*, No. 2-01-0559). The trial court sentenced petitioner to the maximum term of 15 years of imprisonment. (Resp. Exh. F, Rule 23 order in *People v. Wahiid*, No. 2-02-1047 (Ill.App. Dec. 31, 2003)). Petitioner filed a motion to reconsider, which the court

denied. (*Id.*). On December 21, 2001, the Illinois Appellate Court summarily reversed and remanded petitioner's case because his counsel had failed to comply with Illinois Supreme Court Rule 604(d), which requires counsel to "file with the trial court a certificate that the attorney . . . has examined the trial court file and report of proceedings of the plea of guilty." (Resp. Exh. C, Summary order in *People v. Wahiid*, No. 2-01-0559 (Ill.App. Dec. 21, 2001)). On remand, petitioner stood on his prior motion to reconsider, which was again denied. (Resp. Exh. F).

    3.    Petitioner appealed, arguing that the sentence was inappropriately based on the sentencing judge's admiration for the victim's generation, and his opinion that the petitioner's prior murder conviction was wrongly reversed on appeal. (Resp. Exh. D, Brief and argument for defendant-appellant in *People v. Wahiid*, No. 2-02-1047). On December 31, 2003, the appellate court affirmed the trial court's judgment, holding that the judge's admiration for the victim's generation, if considered at all in sentencing, was not significant to the sentencing decision because "the appropriately considered aggravating factors and lack of mitigating factors support the 15-year-sentence;" and that the "record refutes [petitioner's] contention that the trial judge considered his disagreement with the reversal of [petitioner's] murder conviction as an aggravating factor in sentencing [him]." (Resp. Exh. F).

    4.    On January 26, 2004, petitioner sought leave to appeal to the Supreme Court of Illinois, raising the same grounds he asserted in the appellate court. (Resp. Exh. G, Petition for leave to appeal to the Illinois Supreme Court (PLA) in

*People v. Wahiid*, No. 97748). On March 24, 2004, the state supreme court denied the PLA. (Resp. Exh. H, Order denying PLA in *People v. Wahiid*, No. 97748, 809 N.E.2d 1292 (Table) (Ill. 2004)).

  5. On August 17, 2004, petitioner filed a habeas corpus complaint in the state trial court. (Resp. Exh. I, Order in *People v. Wahiid*, No. 00 CF 2509 (Cir. Ct. Kane Cty. Apr. 13, 2007)). On June 14, 2005, he filed a petition for leave to file a mandamus complaint. (*Id.*). On June 15, 2005, the court ruled that it lacked jurisdiction to hear either complaint. (*Id.*). On February 7, 2007, petitioner filed a mandamus complaint. (*Id.*). The state court granted petitioner leave to amend his complaint to a "post-conviction relief act petition." (*Id.*). Petitioner did not do so, but he did file a separate "petition for judgment relief/motion for relief from judgment", raising the same allegation: that he was not advised he would be required by statute to serve a term of mandatory supervised release (MSR) in addition to his 15-year prison sentence. (*Id.*). On April 13, 2007, the state court dismissed this petition as frivolous and patently without merit, holding that transcripts of proceedings at petitioner's trial demonstrated that he was advised of MSR. (*Id.*). Petitioner did not appeal.

  6. On July 27, 2007, petitioner sought leave to file an original action in the Illinois Supreme Court, again arguing that he was not admonished regarding MSR, and that the Illinois Department of Correction (IDOC) incorrectly calculates MSR terms separately from prison terms, rather than aggregating them. (Resp.

Exh. J, Motion by petitioner for relief under Supreme Court Rule 381 in *People v. Wahiid*, No. 11901). On September 14, 2007, the state supreme court denied petitioner's motion. (Resp. Exh. K, Order denying motion in *People v. Wahiid*, No. 11901 (Ill. Sep. 14, 2007)).

7. On December 9, 2007, petitioner mailed the instant habeas corpus petition under 28 U.S.C. § 2254, arguing: (1) IDOC incorrectly calculates MSR terms separately from prison terms; (2) if IDOC calculated MSR terms in aggregate with prison terms, then petitioner would be entitled to release from prison based on his accumulated good conduct credits; and (3) he was not informed of the MSR term prior to pleading guilty.

8. The following state court materials deemed relevant by respondent have been electronically filed as exhibits to this motion:

> Exhibit A: Motion for summary remand in *People v. Wahiid*, No. 2-01-0559;
>
> Exhibit B: Motion to file corrected confession of error in response to defendant's motion for summary remand in *People v. Wahiid*, No. 2-01-0559;
>
> Exhibit C: Summary order in *People v. Wahiid*, No. 2-01-0559 (Ill.App. Dec. 21, 2001);
>
> Exhibit D: Brief and argument for defendant-appellant in *People v. Wahiid*, No. 2-02-1047;
>
> Exhibit E: Brief and argument for plaintiff-appellee in *People v. Wahiid*, No. 2-02-1047;
>
> Exhibit F: Rule 23 order in *People v. Wahiid*, No. 2-02-1047 (Ill.App. Dec. 31, 2003);

  Exhibit G: PLA in *People v. Wahiid*, No. 97748;

  Exhibit H: Order denying PLA in *People v. Wahiid*, No. 97748, 809 N.E.2d 1292 (Table) (Ill. 2004);

  Exhibit I: Order in *People v. Wahiid*, No. 00 CF 2509 (Cir.Ct. Kane Cty. Apr. 13, 2007);

  Exhibit J: Motion by petitioner for relief under Supreme Court Rule 381 in *People v. Wahiid*, No. 11901;

  Exhibit K: Order denying motion in *People v. Wahiid*, No. 11901 (Ill. Sept. 14, 2007); and

  Exhibit L: Report of proceedings on February 1, 2001 in *People v. Wahiid*, No. 00 CF 2509.

9. The claim raised in the instant petition should be dismissed, with prejudice, because it is untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations for filing habeas petitions. Section 2244(d) provides as follows:

 (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

>   > Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Petitioner does not assert that his time limit is governed by any of the events listed in 28 U.S.C. § 2244(d)(1)(B)-(D); therefore, respondent calculates the timeliness of the petition under § 2244(d)(1)(A).

10.  Because petitioner did not file a petition for a writ of certiorari, his conviction became final on June 22, 2004, 90 days after March 24, 2004, the date on which the Supreme Court of Illinois denied his direct appeal PLA. 28 U.S.C. § 2244(d)(1)(A); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2000) (holding that, if certiorari is not sought, the statute of limitations begins to run upon the expiration of the time allotted for filing such a petition). Therefore, petitioner was required to file his habeas petition on or before June 22, 2005. *See* Fed. R. Civ. P. 6(a); *see also Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (holding that Rule 6(a) applies to the calculation of AEDPA's one-year grace period for petitioners whose convictions became final prior to April 24, 1996); *United States v. Marcello*, 212 F.3d 1005, 1009-10 (7th Cir. 2000) (relying on Rule 6(a) to adopt "anniversary method" of calculating AEDPA's limitations period for § 2255 petitioners).

11. The statute of limitations ran for 56 days before petitioner filed his first state collateral attack against his judgment of conviction.

12. Ordinarily, the statute of limitations is tolled during the time that "a properly filed application for State post-conviction [relief] . . . is pending." *Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000); 28 U.S.C. § 2244(d)(2). Petitioner's state habeas complaint was properly filed on August 17, 2004. (Resp. Exh. I). No additional time ran between the filing of the habeas complaint on August 17, 2004, and when the trial court dismissed the complaint on June 15, 2005. (*Id.*). Petitioner did not appeal from that decision. The statute of limitations then ran for 602 days, until petitioner filed his second state collateral attack on February 7, 2007. (*Id.*). By that date, the statute of limitations under § 2244(d)(1)(A) had run for a total of 658 days, far exceeding the one year limit. Again, no additional time ran while petitioner's state court proceeding was pending. On April 13, 2007, the state court denied petitioner relief. (*Id.*). He did not appeal.

13. Petitioner then sought leave to file an original pleading in the Illinois Supreme Court. (Resp. Exh. J). The court denied petitioner's motion. (Resp. Exh. K). Since petitioner's motion for leave to file was denied by the state supreme court, he never had a properly filed appeal to that court, and AEDPA's limitations period was not tolled while the Illinois Supreme Court was considering his motion for leave. *Compare Fernandez v. Sternes*, 227 F.3d 977, 278-79 (7th Cir. 2000) (holding that AEDPA's limitations period was tolled from date that state supreme court granted petitioner leave to file late PLA and date that state supreme court denied

that PLA). Thus, an additional 240 days ran from April 13, 2007, until December 9, 2007, when petitioner mailed the instant petition.[1] In sum, the statute of limitations ran for 842 days, and the instant petition is untimely.

14. Respondent is aware of no valid basis to equitably toll the limitations period. The "very availability of equitable tolling for habeas corpus petitions is dubious in [the Seventh Circuit]." *Williams v. Buss*, __ F.3d __, No. 07-1092, 2008 WL 3519569, *2 (7th Cir. Aug. 14, 2008). Assuming that equitable tolling is available, it is proper only "when extraordinary circumstances outside the petitioner's control prevent timely filing" of the habeas petition. *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2005). No such extraordinary circumstances are evident here.

15. Because petitioner filed his habeas petition beyond the limitations period provided by § 2244(d)(1), it is untimely, and this Court should dismiss it with prejudice.

---

[1] Ordinarily, petitioner must comply with Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts to receive the benefit of the mailbox rule. However, petitioner is in custody at Stateville Correctional Center, where a consent decree charges the Illinois Department of Corrections with responsibility for posting all legal mail. Therefore, it is not necessary to identify whether petitioner complied with Rule 3(d) in this case. *See Ingram v. Jones*, 507 F.3d 640, 644 (7th Cir. 2007).

## **CONCLUSION**

This Court should dismiss the instant Petition for Writ of Habeas Corpus as time-barred.  If this Court determines that the instant petition is not time-barred under 28 U.S.C. § 2244(d), respondent respectfully requests 30 days from the entry of the Court's order denying this motion to address any defenses to and/or the merits of petitioner's claims in a subsequent submission.

September 4, 2008                                    Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

s/ Garson Fischer
GARSON FISCHER, Bar #: 6286165
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
TELEPHONE:  (312) 814-2566
FAX:  (312) 814-2253
E-MAIL:  gfischer@atg.state.il.us

## **CERTIFICATE OF SERVICE**

       I hereby certify that on September 4, 2008, I electronically filed respondent's **Motion to Dismiss** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date, mailed a copy of this document by United States Postal Service to the following non-CM/ECF user:

Zakii Wahiid, #K52467,
Stateville Correctional Center
Route 53
P.O. Box 112
Joliet, Illinois, 60434.

                                                  LISA MADIGAN
                                                  Attorney General of Illinois

By:    s/ Garson Fischer
           GARSON FISCHER, Bar # 6286165
           Assistant Attorney General
           100 West Randolph Street, 12th Floor
           Chicago, Illinois 60601-3218
           TELEPHONE: (312) 814-2566
           FAX: (312) 814-2253
           E-MAIL: gfischer@atg.state.il.us