United States District Court
Northern District of Illinois
Eastern Division

United States of America ex rel,
Zakiy Tawwab Wahiid
  Petitioner

v

Terry McCann
  Respondent

FILED
SEP 0 8 2008
SEP 08 2008
MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

08cv637

CASE NO: 08 C 637

Honorable William T. Hart
Judge Presiding

## Motion on Mandatory Supervised Release

Now Comes, Petitioner, Zakiy Tawwab Wahiid, pursuant to Unified Code of Correction provision for Mandatory Supervised Release, (hereafter MSR) 730 ILCS 5/5/5-1(d) and 730 ILCS 5/3-14-2 and pursuant to 735 ILCS 5/10-101 seq. of Civil Code of Procedure,

(1) Respondent Terry McCann, is the Warden, at Stateville Correction Center, and as such is responsible for, statutory intrusion of this petitioner Constitutional Rights, to continue to impose (MSR) limitation and restrictive conditions on petitioner, after he has fully and lawfully completed his prison sentence imposed by the Court.

(2) Petitioner contends that the issue presented before this Honorable Court concerns his Rights under the Unified Code of Correction. Petitioner alleges that (MSR) in it's application for those sentence and released as a result of a determinated sentence is unconstitutional. Petitioner should not be required to serve a term of (MSR) added onto his sentence after he has lawfully completed the judicially imposed prison sentence.

PETITIONER (MSA) TERM SHOULD OF BEEN COMMENSURATE WITH 15 YRS. SENTENCE: 7½ YRS. = DAY-FOR-DAY; 5½ YRS. IN PRISON; 2 YRS. (MSA) = 7½ YRS. THE CIRCUIT COURT NOR STATE MENTION OR ATTACHED (MSA) TO PETITIONER 15 YR. PRISON SENTENCE.

(3) RECORDS IN HABEAS CORPUS WILL REVEAL TO THIS HONORABLE COURT THAT CIRCUIT COURT, FAILED TO ADVICE PETITIONER OF THE APPLICABLE (MSA) RELEASE TERM AT APRIL 11, 2001, SENTENCING OF AGGRAVATED ROBBERY. THE PETITIONER HAS A LEGITIMATE CLAIM FOR WHICH RELIEF IS AVAILABLE. PETITIONER IS NOW FACED WITH THE POSSIBILITY OF SERVING MORE TIME IN PRISON AND ON (MSA) THAN WHAT IS REQUIRED BY ILL. LAW DUE TO THE MISINTERPRETATION OF THE STATUTES AND DAY-FOR-DAY LAW BY ILL. TRIAL COURT WHICH RESULTED IN A VOID JUDGEMENT IN VIOLATION OF PETITIONER $4^{th}, 5^{th}, 6^{th}$ AND 14th AMENDMENTS RIGHTS SECURED TO HIM UNDER THE U.S. CONSTITUTION AND IN VIOLATION OF ARTICLE 1 SEC. 2, 8, 10, 12, AND 24 OF ILL. CONSTITUTION OF 1970.

    ILL. DEPT. OF CORRECTION IMPOSING THE TERM OF (MSA), AND ESSENTIALLY EXTENDED PETITIONER SENTENCE BEYOND THE TIME IMPOSED BY THE COURT. AS THOUGH THE (MSA) TERM WAS ALREADY AUTOMATICALLY WRITTEN INTO THE SENTENCING PARAMETERS. IT VIOLATES THE PETITIONER RIGHT TO DUE PROCESS. MOREOVER, SUCH AN ACT WOULD ALSO APPEAR TO BE AN INFRINGEMENT UPON THE ROLE OF THE JUDICIARY. UNDER THE POST-1978 LAW, PETITIONER WAS SENTENCE TO A DETERMINATE SENTENCE AND WILL HAVE SERVED THE ENTIRE SENTENCE ACCORDING TO LAW BEFORE BEING RELEASED, THERE IS NO UNSERVED PORTION OF THE SENTENCE THAT REMAINS. ILL. DEPT. OF CORR. TREATS (MSA) AS AN EXTENTION OF THE SENTENCE IMPOSED BY THE COURT. THIS WAS NOT JUDICIALLY IMPOSED. ILL. DEPT. OF CORR. HAS NO AUTHORITY TO AUTHORIZE TO ADD 2 MORE YEARS BEYOND THAT OF THE SENTENCE IMPOSED BY THE COURT. THE AUTHORITY STIPULATED IN THE STATUTE THAT ALLOWS THIS DOES NOT MEET THE REQUIREMENTS OF DUE PROCESS AND IS UNCONSTITUTIONAL.

4) Petitioner is now being held beyond the time he is legally required to be imprisoned. Petitioner (MSR) should of begun Mar. 25, 2006, Due to the unconstitutional lost of Good Time for minor infraction under Public Act 89-688 and 2003 Re-enactment of Public Act 93-272. Public Act 89-688 (which was declared unconstitutional in it's entirety), People v. Foster, 737 N.E.2d 1125 (2000). Petitioner has served the legal portion of sentence and shall be shown by the recalculation of sentence under Day-For-Day credit system. And People v. Whitfield, 840 N.E.2d 658 (2005), U.S. Ex Rel Miller v. McGinnis, 774 F.2d 819, Kindhart v. Mizell, 428 N.E.2d 551 (1981).

The Miller court held that: Miller pled guilty to 20 yrs, but was not informed that <u>3 yrs. of (MSR) would be attached upon release</u> which under plea agreement/guidelines, the defendants must be informed of possible (MSR) attachment before pleading. Miller, alleged that he pled guilty to a specific sentence of 20 yrs. And that 3 yrs. (MSR) that was imposed upon his release (as in my case) increased his sentence to 23 yrs. (My sentence to 17 yrs.) For which he had not agreed to since (MSR) is also a form of custody. The court agreed with Miller and held that his constitutional rights to Due Process has been violated.

Including the fact that original projected out date was Mar. 25, 2008, that I would have served the complete sentence at Day-For-Day credit. And that with all unlawful unauthorized disciplinary conviction for minor infraction (Refusing a cellie in segregation) that my Good Time should of only be taken for serious offenses. That the Fourteenth Amendment Due Process Clause so protects the petitioner state created and vested rights to Good Time credits cannot be taken away or forfieted "Except for major misconduct and/or serious misbehaviors. Whereas the Ill. Dept. of Corr. are taking away and are still forfieting Good Time credit for minor and or petty offenses by and thru Public Act 89-688 and Public Act 93-272 and such are violating Due Process of

3

law and the ILL. Constitution prolonging petitioner right to be out on (MSR) or of completing the entire sentence imposed by the court. Petitioner is now entitled to immediate release due to the fact petitioner is being held without legal authority and respondent is no longer empowered by law to further imprison petitioner in prison.

(5) That it is now substantial judicial necessity that the legitimacy of all petitioner disciplinary conviction be also determined by this Honorable Court. Stated below are facts and documentation which shows that petitioner convictions on disciplinary from June 15, 2001 to July 08, 2008, are unconstitutional and void by operation and effects of Public Act 89-688, People v. Foster. This also includes the 2003 Re-enactment of a very indispensable part of the same amendment under Public Act 93-272 (which specifically concerns the severed amendment to the (I.D.O.C.) disciplinary procedure statute located 730 ILCS 5/3-8-7, are unconstitutional. Petitioner is now being held beyond the time he is legally required to be imprisoned. Petitioner (MSR) should of begun Mar. 25, 2006. Petitioner has now served the legal portion of sentence under Day-For-Day credit system. That with all the unlawful unauthorized disciplinary conviction, under said enactments petitioner is now entitled to immediate release.

(6) The operation and effects of the amendments under P.A. 89-688 effective June 1, 1997, and it's re-enactment nullifies all petitioner disciplinary conviction and this would include how the legal portion of his sentence has expired an/or how petitioner is being held beyond the time he is legally required to be incarcerated. That this leaves petitioner with one substantial and lingering serious question whether P.A. 89-688 (which was declared unconstitutional in it's entirety)

(4)

is effecting petitioner retroactively and/or whether P.A. 89-688 is to be retroactively applied to petitioner. To hold that a judicial decision that declares a statute unconstitutional is not retroactive would forever prevent those injured under the unconstitutional legislative act from recieving a remedy for the deprivation of a guaranteed right. People v. Gersh, 553 N.E.2d 281, 289 (1990).

Where the statute under which petitioner was convicted was void as having been enacted in violation of the Constitution Single Subject Rule. People v. Burdunice, 791 N.E.2d 1148 (2003).

An unconstitutional law is void thus conviction under it violates Due Process" U.S. v. Ross, 9 F.3d 1182 (1993). (Emphasis Added) The Constitution is Supreme and whatever the purpose of people in placing restriction upon legislation it must be obeyed and void. Tingle 367 N.E.2d 287, 292, Also see 4 U.S.C. A § 101.

7) On petitioner attached sentence calculation sheet dated April 18, 2001, it clearly shows that petitioner would have served the legal portion of his sentence under the Day-For-Day credit system on Mar. 25, 2008. If not the 19 months Good Time Credit the was taken for minor or petty offenses. And with no mentioning of (MSR) by prosecutor or trial court at sentencing hearing April 11, 2001, petitioner would have completed entire sentence with Day-For-Day credit.

But what is most important about this sentence calculation sheet is the April 18, 2001, date the form was filed and that date will respectfully bring the effective date of P.A. 89-688 clearly into focus. This calculation sheet factually shows that prior to the Oct. 25, 2009, date petitioner projected out date was Mar. 25, 2008. Day-For-Day 7½ yrs. Completing the 15 yr. Sentence.

But due to the unconstitutional operation and effect of P.A. 89-688 that had already been declared unconstitutional in it's entirety. People v. Foster, (The time lost therein was revoked unconstitutionally. This is why petitioner is entitled to immediate release.

(8) Therefore, petitioner, Zakii Tawwab Wahiid, believes that he has sufficiently shown his entitlement to recieve all relief sought pursuant to statute 735 ILCS 5/10-101 et. seq. and 730 ILCS 5/5-8-1 (d)-(I). And has exhibited due diligence in his efforts to bring this issue of error to the attention of this honorable court for correction.

Wherefore, petitioner prays that this honorable court will grant all relief sought in this cause. Grant petitioner immediate release, (1) Declaratory judgement that Respondent acts, policies, and practices violated petitioner rights under the U.S. Constitution. (2) Compensatory and punitive damages in amount of $350,000 from respondent.

Petitioner request futher this honorable court to enjoin the Respondent and Ill. Dept. of Corr. from applying the Ill. State 730 ILCS 5/3-7-6, that allows the practice of Ill. Dept. of Corr. confiscating the financial result from this claim and any other relief this honorable court deems appropriate and proper.

*Zakie To Wahiid*

People v. Whitfield, 840 N.E. 2d 658 FN1 The order of sentence and committment found in the record also shows that defendant was sentence on ~~murder~~ the murder count to (25) twenty five years "IDOC." The sentencing order makes no reference to the three-year mandatory supervised release term required by law.

(6)

STATE OF ILLINOIS )
COUNTY OF WILL )

## AFFIDAVIT

I, Zakii Tawwab Wahiid, deposes and says that as to Motion herein. He is the petitioner in the above entitled cause. That he has read the foregoing motion by his signed, and that the statements contained therein are true in substance and in fact.

Zakii T. Wahiid
Petitioner, Pro Se

Date: Aug. 27, 2008

(7)

DC 1321

# SINGLE OR CONCURRENT DETERMINATE SENTENCES UNDER 1978 LAW AND JAIL CREDIT

NAME  Zakii Wahiid        NUMBER  K52467    DATE 4-18-01

**(STEP 1) (A)**

Yr. Mo. Day

```
-  _____   (Rel. on Bond, Etc.)
           (Arrest Date)
           (Jail Credits)
+     1    (Add 1 Day)
           (Jail Credits)
```

**STEP 1) (B)**

Yr. Mo. Day

```
-  _____   (Rel. on Bond, Etc.)
           (Arrest Date)
           (Jail Credits)
+     1    (Add 1 Day)
           (Jail Credits)
```

**(STEP 1) (C)**

Yr. Mo. Day

```
-  _____   (Rel. on Bond, Etc.)
           (Arrest Date)
           (Jail Credits)
+     1    (Add 1 Day)
           (Jail Credits)
```

**(STEP 1) (D)**

Yr. Mo. Day

```
-  _____   (Rel. on Bond, Etc.)
           (Arrest Date)
           (Jail Credits)
+     1    (Add 1 Day)
           (Jail Credits)
```

**(STEP 2)**

Yr. Mo. Day       15 yrs

```
+          (Jail Credits-A)
+          (Jail Credits-B)
+          (Jail Credits-C)
+          (Jail Credits-D)
           (Total Jail Credits)
```

**(STEP 3)**              196 Days

Yr. Mo. Day
00  15  3
    ⁄4  ⁄1
```
-          6  16   (Old Custody/Sentence Date)
                   (Total Jail Credits)
00    9    25      (New Custody Date)
```

**(STEP 4)** MITTIMUS NO. 00 CF-2509

PROJECTED OUT DATE

Yr. Mo. Day
00  9  25        (New Custody Date)
+    7  6        (Sentence Less GCC)
2008  3  25      (Projected Out Date)
+ or -           (Previous Time Lost/Awarded)
                 (Adj.Proj.Out Date)

**(STEP 5)**

MANDATORY OUT DATE

Yr. Mo. Day
00   9   25      (New Custody Date)
+   15           (Sentence)
2015  9  25      (Mandatory OutDate)

Adj. Proj. Out Date  3-25-2008      Terminal Operator  JN
Mandatory Out Date   9-25-2015      Date Entered  4/18/01
Calculated By  _____

DC 1321 (Rev 10/96)
IL 426-00521

8

# State of Illinois -- Department of Corrections Disciplinary Tracking Inmate Disciplinary Card

**Name:** WAHIID, ZAKII  
**IDOC #:** K52467  
**Transferred In:** 2006-01-18  
Disciplinary History from 1/1/1998 through 8/28/2006  
**Living Unit:** PON/E/08/16

| Incident Date / Incident/Summ#/Inst. / Ticket Type | Offense Codes, Descriptions | | Disciplinary Action |
|---|---|---|---|
| 4/8/2003<br>200301554/1-IRI<br>Minor | 308 Contraband/Unauthorized Property | Guilty | Other : dispose of per AD/ID<br>1 Months Commissary Restriction |
| 4/12/2003<br>200301587/1-IRI<br>Major | 403 Disobeying A Direct Order<br>Comments: Refused to move in seg-double celled<br>404 Violation Of Rules<br>Comments: Orientation Manual Rule #54 | Guilty<br><br>Guilty | 1 Months C Grade<br>15 Days Segregation<br>1 Months Gym/Yard Restriction |
| 4/28/2003<br>200301752/1-IRI<br>Minor | 308 Contraband/Unauthorized Property | Guilty | Verbal Reprimand |
| 4/29/2003<br>200301771/1-IRI<br>Major | 403 Disobeying A Direct Order<br>Comments: refused cellie in seg - double celling | Guilty | 1 Months C Grade<br>1 Months Segregation<br>1 Months Commissary Restriction |
| 4/30/2003<br>200301772/1-IRI<br>Major | 403 Disobeying A Direct Order<br>Comments: refused cellie - double cell in seg | Guilty | 2 Months C Grade<br>1 Months Segregation<br>1 Months Commissary Restriction<br>1 Months Yard Restriction |
| 5/2/2003<br>200301794/1-IRI<br>Major | 206 Intimidation Or Threats<br>304 Insolence<br>403 Disobeying A Direct Order<br>Comments: refused cellie in seg - 4th refusal | Not Guilty<br>Guilty<br>Guilty | 3 Months C Grade<br>1 Months Segregation<br>Revoke GCC or SGT 1 Months |
| 6/15/2003<br>200302274/1-IRI<br>Major | 206 Intimidation Or Threats<br>Comments: I don't do cellies/something while he sl<br>403 Disobeying A Direct Order<br>Comments: Refused-cellie in seg (5th offense) | Guilty<br><br>Guilty | 3 Months C Grade<br>3 Months Segregation<br>Revoke GCC or SGT 3 Months<br>Other : Transfer<br>3 Months Yard Restriction Restriction |
| 6/25/2003<br>200302387/1-IRI<br>Major | 403 Disobeying A Direct Order<br>Comments: Refused cellie in seg (6th offense) | Guilty | 1 Months C Grade<br>1 Months Segregation<br>Revoke GCC or SGT 1 Months<br>1 Months Yard Restriction Restriction |
| 6/29/2003<br>200302430/1-IRI<br>Major | 403 Disobeying A Direct Order<br>Comments: refused cellmate in seg (7th offense)<br>404 Violation Of Rules | Guilty<br><br>Not Guilty | 1 Months C Grade<br>1 Months Segregation<br>Revoke GCC or SGT 1 Months<br>1 Months Yard Restriction |
| 5/9/2004<br>200401526/1-LAW<br>Major | 308 Contraband/Unauthorized Property | Guilty | Other : destroy contraband |
| 9/28/2004<br>200403667/1-LAW<br>Major | 403 Disobeying A Direct Order | Guilty | 1 Months C Grade<br>1 Months Segregation<br>1 Months Yard Restriction |

Run Date: 8/28/2006 11:07:12     Page 3 of 5




## State of Illinois -- Department of Corrections Disciplinary Tracking Inmate Disciplinary Card

**Name:** WAHIID, ZAKII  
**IDOC #:** K52467  
**Transferred In:** 2006-01-18  
Disciplinary History from 1/1/1998 through 8/28/2006  
**Living Unit:** PON/E/08/16

| Incident Date / Incident/Summ#/Inst. / Ticket Type | Offense Codes, Descriptions | | Disciplinary Action |
|---|---|---|---|
| 10/31/2004<br>200404246/1-LAW<br>Major | 403 Disobeying A Direct Order<br>Comments: refuse housing #2 | Guilty | 2 Months C Grade<br>2 Months Segregation |
| 3/6/2005<br>200500974/1-LAW<br>Major | 403 Disobeying A Direct Order<br>Comments: refused housing | Guilty | 1 Months C Grade<br>1 Months Segregation |
| 8/5/2005<br>200502854/1-LAW<br>Major | 403 Disobeying A Direct Order<br>Comments: refused housing | Guilty | 1 Months C Grade<br>1 Months Segregation |
| → 10/19/2005<br>200503808/1-LAW<br>Major | 403 Disobeying A Direct Order<br>Comments: refused housing | Guilty | 3 Months C Grade<br>3 Months Segregation<br>Revoke GCC or SGT 1 Months<br>Transfer (Disciplinary) |
| 11/13/2005<br>200504137/1-LAW<br>Major | 201 Concealment of Identity<br>304 Insolence<br>403 Disobeying A Direct Order | Not Guilty<br>Guilty<br>Guilty | 1 Months C Grade<br>1 Months Segregation |
| 11/26/2005<br>200504236/1-LAW<br>Major | 308 Contraband/Unauthorized Property<br>Comments: matches & rolling paper in seg | Guilty | 1 Months C Grade<br>1 Months Segregation<br>Other : destroy |
| 12/14/2005<br>200505571/1-HIL<br>Major | 104 Dangerous Contraband<br>Comments: Razor Blade | Guilty | 3 Months C Grade<br>3 Months Segregation<br>Revoke GCC or SGT 3 Months<br>Transfer (Disciplinary) |
| → 12/18/2005<br>200505619/1-HIL<br>Major | 206 Intimidation Or Threats<br>403 Disobeying A Direct Order<br>Comments: refused a cell mate | Guilty<br>Guilty | 3 Months C Grade<br>3 Months Segregation<br>Revoke GCC or SGT 3 Months<br>Transfer (Disciplinary) |
| → 12/20/2005<br>200505666/2-HIL<br>Major | 307 Unauthorized Movement<br>403 Disobeying A Direct Order | Not Guilty<br>Guilty | 2 Months C Grade<br>2 Months Segregation<br>Revoke GCC or SGT 2 Months<br>Transfer (Disciplinary) |
| | | | **Adjusted Discipline**<br>GCC reduced to 1 Months |
| 12/20/2005<br>200505665/2-HIL<br>Major | 206 Intimidation Or Threats | Guilty | 3 Months C Grade<br>3 Months Segregation<br>Revoke GCC or SGT 3 Months<br>Transfer (Disciplinary) |

# State of Illinois -- Department of Corrections Disciplinary Tracking Inmate Disciplinary Card

Name: **WAHIID, ZAKII**  
Transferred In: 2006-01-18  
Disciplinary History from 1/1/1998 through 8/28/2006  
IDOC #: **K52467**  
Living Unit: PON/E/08/16

| Incident Date Incident/Summ#/Inst. Ticket Type | Offense Codes, Descriptions | | Disciplinary Action |
|---|---|---|---|
| 12/21/2005 200505678/2-HIL Major | 403 Disobeying A Direct Order Comments: refuse to cuff up and take a cell mate | Guilty | 3 Months C Grade 3 Months Segregation Revoke GCC or SGT 3 Months Transfer (Disciplinary) |
| | | | **Adjusted Discipline** GCC reduced to 2 Months |
| 12/22/2005 200505689/2-HIL Major | 307 Unauthorized Movement 403 Disobeying A Direct Order Comments: refuse to cuff up and take a cellmate | Not Guilty Guilty | 3 Months C Grade 3 Months Segregation Revoke GCC or SGT 3 Months Transfer (Disciplinary) |
| | | | **Adjusted Discipline** GCC reduced to Zero |
| 12/26/2005 200505765/1-HIL Major | 307 Unauthorized Movement 403 Disobeying A Direct Order Comments: refuse to accept double cell 304 Insolence | Guilty Guilty Guilty | 3 Months C Grade 3 Months Segregation 3 Months Commissary Restriction |
| 7/16/2006 200602510/1-PON Major | 403 Disobeying A Direct Order 308 Contraband/Unauthorized Property | Guilty Guilty | 1 Months C Grade 1 Months Audio/Visual Restriction 1 Months Commissary Restriction |



F 419

# SENTENCE CALCULATION WORK SHEET

## Revocation of Good Conduct Credits
When Sentence is Determined Under 1978 Law

Name __Zelsii Wahid__    Number __K52467__    Date __6/9/08__

---

**STEP 1**

| Year | Month | Day |
|------|-------|-----|
|      | 3     |     |

(Good Conduct Credits Revoked From Sentence By Director On __6/2/08__ )

**STEP 2**    (Mittimus Number __00CF 2507__ )

Projected Out Date

| Year | Month | Day |
|------|-------|-----|
| 00   | 7     | 25  |
| + 7  | 6     |     |
| 08   | 3     | 25  |

(Custody Date)
(Sentence Less G.C.C.)

| ± or − | 1 | 4 |    |
|--------|---|---|----|
| 09     | 7 | 25 |   |

(Projected Out Date or PRB Projected Out Date)
(Previous Time − Lost/Awarded)

| +    |   | 3  |    |
|------|---|----|----|
| 2009 |   | 10 | 25 |

(Projected Out Date)
(Present Revocation)

= 

(Adjusted Projected Out Date)

---

Adjusted Projected Out Date __10/25/2009__    Terminal Operator __[sig]__

Calculated By __UU__    Date Entered __6.16.08__

ST—
12

DC 1265 (Rev 5/93)
IL498-0285

Westlaw

IL LEGIS 93-272 (2003)
2003 Ill. Legis. Serv. P.A. 93-272 (S.B. 1081) (WEST)
(Publication page references are not available for this document.)

ILLINOIS 2003 LEGISLATIVE SERVICE
Ninety-Third General Assembly, 2003

Copr. © West Group 2003. All rights reserved.

Additions are indicated by Text; deletions by ~~Text~~.
Changes in tables are made but not highlighted.

PUBLIC ACT 93-272
S.B. 108

CORRECTIONS--UNIFIED CODE OF CORRECTIONS--DISCIPLINARY PROCEDURES

AN ACT concerning corrections.

Be it enacted by the People of the State of Illinois, represented in the General Assembly:

Section 1. Findings; purpose.

(a) The General Assembly finds and declares that:

(1) Public Act 89-688, effective June 1, 1997, contained provisions amending Section 3-8-7 of the Unified Code of Corrections relating to disciplinary procedures at Department of Corrections facilities. Public Act 89-688 also contained other provisions.

(2) On October 20, 2000, in People v. Jerry Lee Foster, 316 Ill. App. 3d 855, the Illinois Appellate Court, Fourth District, ruled that Public Act 89-688 violates the single subject clause of the Illinois Constitution (Article IV, Section 8 (d)) and is therefore unconstitutional in its entirety.

(3) The provisions added and deleted from Section 3-8-7 of the Unified Code of Corrections by Public Act 89-688 are of vital concern to the people of this State. Prompt legislative action concerning those provisions is necessary.

(b) It is the purpose of this Act to re-enact Section 3-8-7 of the Unified Code of Corrections, including the provisions added and deleted by Public Act 89-688. This re-enactment is intended to remove any question as to the validity or content of those provisions; it is not intended to supersede any other Public Act that amends the text of the Section as set forth in this Act. The re-enacted material is shown in this Act as existing text (i.e., without underscoring).

Section 5. The Unified Code of Corrections is amended by re-enacting Section

Copr. © West 2007 No Claim to Orig. Govt. Works

http://web2.westlaw.com/print/printstream.aspx?sv=Split&destination=atp&utid=%7b66B8...   6/8/2007

Page 1 of 3

---

IL LEGIS 93-272 (2003)
2003 Ill. Legis. Serv. P.A. 93-272 (S.B. 1081) (WEST)
(Publication page references are not available for this document.)

Page 2

3-8-7 as follows:

(5.H.A. 730 ILCS 5/3-8-7) (730 ILCS 5/3-8-7)
<< IL ST CH 730 § 5/3-8-7 >>
(from Ch. 38, par. 1003-8-7)

§ 3-8-7. Disciplinary Procedures.)

(a) All disciplinary action shall be consistent with this Chapter. Rules of behavior and conduct, the penalties for violation thereof, and the disciplinary procedure by which such penalties may be imposed shall be available to committed persons.

(b)(1) Corporal punishment and disciplinary restrictions on diet, medical or sanitary facilities, mail or access to legal materials are prohibited.

(2) (Blank).

(3) (Blank).

(c) Review of disciplinary action imposed under this Section shall be provided by means of the grievance procedure under Section 3-8-8. The Department shall provide a disciplined person with a review of his or her disciplinary action in a timely manner as required by law.

(d) All institutions and facilities of the Adult Division shall establish, subject to the approval of the Director, procedures for hearing disciplinary cases except those that may involve the loss of good time credit or eligibility to earn good time credit, the Director shall establish disciplinary procedures consistent with the following principles:

(1) Any person or persons who initiate a disciplinary charge against a person shall not determine the disposition of the charge. The Director may establish one or more disciplinary boards to hear and determine charges.

(2) Any committed person charged with a violation of Department rules of behavior shall be given notice of the charge including a statement of the misconduct alleged and of the rules this conduct is alleged to violate.

(3) Any person charged with a violation of rules is entitled to a hearing on that charge at which time he shall have an opportunity to appear before and address the person or persons deciding the charge.

(4) The person or persons determining the disposition of the charge may also

Copr. © West 2007 No Claim to Orig. Govt. Works

http://web2.westlaw.com/print/printstream.aspx?sv=Split&destination=atp&utid=%7b66B8...   6/8/2007

Page 2 of 3

## ILLINOIS DEPARTMENT OF CORRECTIONS
## INTERNET INMATE STATUS
AS OF: Friday, June 24, 2005

 

### K52467 - WAHIID, ZAKII

**Parent Institution:** Lawrence Correctional Center
**Inmate Status:** IN CUSTODY
**Location:**
**Discharge Reason:**

### VITALS
**Date of Birth:** 12-25-1954
**Weight:** 165 lbs.
**Hair:** Black
**Sex:** Male
**Height:** 5 ft. 07 in.
**Race:** Black
**Eyes:** Brown

### MARKS, SCARS, & TATTOOS
TATTOO, ARM, RIGHT UPPER - ANCHOR
TATTOO, ARM, LEFT UPPER - CROSS
TATTOO, FOREARM, RIGHT - "DEBRA" "DIAN" DENA" 1955-1990

### ADMISSION / RELEASE / DISCHARGE INFO
**Custody Date:** 04/18/2001    *7½ YRS. DAY FOR DAY ON 15 YRS.*
**Projected Parole Date:** 08/25/2008
**Paroled Date:** --
**Tentative Discharge Date:**
→ **Discharge From Parole:** (08/25/2010)

### SENTENCING INFORMATION

| MITTIMUS: | 00CF2509 |
|---|---|
| CLASS: | 1 |
| COUNT: | 1 |
| OFFENSE: | AGGRAVATED ROBBERY |
| CUSTODY DATE: | 09/25/2000 |
| SENTENCE: | 15 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | KANE |
| SENTENCE DISCHARGED?: | NO |
| | |
| MITTIMUS: | 95CF2305 |
| CLASS: | M |

**EXHIBIT A**

14

| COUNT: | 1 |
|---|---|
| OFFENSE: | MURDER/INTENT TO KILL/INJURE |
| CUSTODY DATE: | 10/25/1995 |
| SENTENCE: | 38 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | KANE |
| SENTENCE DISCHARGED?: | YES |
| | |

All complaints regarding the accuracy of information contained in these documents should be submitted, in writing, to the Illinois Department of Corrections, P.O. Box 19277, Springfield, IL 62794-9722.

conduct another search
return to the IDOC homepage

Illinois Department of Corrections
1301 Concordia Court
Springfield, Illinois, 62794
217-522-2666 | 800-546-0844 TDD

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA EX REL.
ZAKII TAWWAB WAHIID
    PETITIONER

V

TERRY MCCANN
    RESPONDENT

CASE NO. 08 C 637

HONORABLE WILLIAM T. HART
    JUDGE PRESIDING

## PROOF / CERTIFICATE OF SERVICE

TO:
CLERK OF COURT
PRISONER CORRESPONDENCE
219 S. DEARBORN ST.
CHICAGO, ILL. 60604

TO:
ATTY. GEN. OF ILL.
GARSON FISCHER, ASST. ATTY.
100 W. RANDOLPH ST. 12TH FL.
CHICAGO, ILL. 60601

PLEASE TAKE NOTICE THAT ON Sept. 28, 2008, PETITIONER ZAKII TAWWAB WAHIID, HAS PLACED THE DOCUMENTS TO ADDRESSES LISTED ABOVE IN THE INSTITUTION MAIL AT STATEVILLE CORR. CENTER, P.O. BOX 112, JOLIET, ILL. 60434.

                                          *Zakii Tawwab Wahiid*
                                          ZAKII TAWWAB WAHIID
                                          K52467
                                          P.O. BOX 112
                                          JOLIET, ILL. 60434