IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZAKII TAWWAB WAHIID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 0637 |
| | ) | |
| TERRY McGANN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Zakii Wahiid has filed a federal habeas corpus petition challenging his state court sentence. In answer to the petition, respondent contends that the federal habeas corpus petition is untimely. Alternatively, respondent contends the issues that Wahiid now attempts to raise were procedurally defaulted because not presented to the Illinois Supreme Court in a procedurally proper manner.

On February 1, 2001, in the Circuit Court of Kane County, Illinois, Wahiid pleaded guilty to one count of aggravated robbery. There was no plea agreement. Wahiid was sentenced to the maximum term of 15 years' incarceration. His timely motion for reconsideration of the sentence was denied and he timely appealed the denial of reconsideration. On December 21, 2001,

the Illinois Appellate Court summarily remanded the case because Wahiid's trial counsel, who had filed the appeal, failed to certify that she had read the plea colloquy transcript as is required by Illinois Supreme Court Rule 604(d). See People v. Wahiid, 326 Ill. App. 3d 1173, 811 N.E.2d 795 (2d Dist. 2001) (unpublished order). On remand, reconsideration was again denied and a timely appeal was again taken.

On appeal, Wahiid contended that the trial court improperly relied on admiration for the victim's generation[1] and that a prior murder conviction of Wahiid had been reversed on appeal. On December 31, 2003, the Illinois Appellate Court affirmed the sentence. People v. Wahiid, 344 Ill. App. 3d 1228, 859 N.E.2d 323 (2d Dist. 2003) (unpublished order). Raising the same issues, Wahiid timely petitioned for leave to appeal. On March 24, 2004, the Illinois Supreme Court denied leave to appeal. See People v. Wahiid, 208 Ill. 2d 554, 809 N.E.2d 1292 (2004).

In 2004, Wahiid filed a state court post-conviction petition contending he was never advised regarding mandatory supervised release ("MSR").[2] On June 14, 2005, Wahiid requested

---

[1]The victim was 77 years old at the time of the robbery. The sentencing judge referred to him as a member of the "great generation," an "American hero," and as having "displayed incredible courage" during the robbery.

[2]Respondent contends this petition was denied in June 2005 at the time Wahiid's request to file a mandamus petition was denied, but no document is provided to establish that was the ruling. The April 13, 2007 ruling provided by respondent recites

leave to raise the same issue in a writ of mandamus. The next day that motion was denied for lack of jurisdiction. In February 2007, Wahiid filed a petition for mandamus, but was instead granted leave to amend the post-conviction petition, which he did not do. In March 2007, Wahiid filed a motion for relief from judgment, citing 735 ILCS 5/2-1401. In an order dated April 13, 2007, the court, citing the transcript of Wahiid's proceedings, found that Wahiid had been advised regarding MSR and therefore denied the pending petition as frivolous. No appeal was taken.

On July 27, 2007, Wahiid sought leave to file an original action in the Illinois Supreme Court, again arguing that he had not been properly advised regarding MSR and also contending that the Illinois Department of Corrections ("IDOC") does not properly calculate MSR. On September 14, 2007, the Illinois Supreme Court denied the motion without stating its reasons.

On December 9, 2007, Wahiid filed his federal habeas corpus petition. It was filed in the Southern District of Illinois and subsequently transferred here. In his present petition, Wahiid contends that IDOC incorrectly calculates MSR

---

that the request for leave to file a mandamus petition was the only motion denied on June 15, 2005. It would appear that the 2004 post-conviction petition was denied at some point prior to the February 2007 ruling that a 2007 mandamus petition could be amended to be a petition for post-conviction relief or there would not have been a need for another post-conviction petition. There is, however, no state court record submitted to establish when the 2004 post-conviction petition was denied. Wahiid contends the 2004 post-conviction petition was never ruled upon until subsumed in the April 13, 2007 ruling denying any relief.

separate from prison terms; if it properly aggregated the two terms, he would already be entitled to be released based on good time credits; and he was not informed of MSR prior to pleading guilty.

A one-year limitation period applies to Wahiid's federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). It begins following the completion of a petitioner's state court direct appeal, id. § 2244(d)(1)(A), and is tolled during the pendency of a properly filed application for state post-conviction review, id. § 2244(d)(2). Respondent contends the limitation period ran for 682 days from the June 15, 2005 denial of the 2004 post-conviction petition until the filing of a second collateral attack on February 7, 2007. As discussed above, however, no state court pleadings are provided to establish that the 2004 post-conviction petition was denied any earlier than 2007. On the present record, it cannot be determined whether plaintiff's federal petition is untimely. However, since Wahiid's claims are otherwise procedurally defaulted, it is unnecessary to resolve the timeliness issue.

The only issues that Wahiid raised in the direct appeal of his sentence concerned whether the court relied on improper factors in determining the length of Wahiid's term of imprisonment. The issues presently raised in the federal habeas corpus petition were not raised in the direct appeal. Therefore, they are not properly raised in a federal habeas corpus proceeding unless sufficiently raised before the Illinois Supreme

Court in a collateral or other procedurally proper proceeding. See Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003). Here, the only issues raised in the Illinois Supreme Court were contained in the motion to file an original action in the Illinois Supreme Court. The denial of that motion did not represent a ruling on the merits and did not preclude Wahiid from subsequently raising these issues in a petition filed in a state trial court. See Crump v. Lane, 807 F.2d 1394, 1395-96 (7th Cir. 1986); Dupree v. Jones, 2007 WL 2908948 *2 (C.D. Ill. Oct. 3, 2007), aff'd by unpublished order, 281 F. App'x 559 (7th Cir. 2008). Since Wahiid has not fairly presented his claim to the state's highest court, his petition must be dismissed either because he has procedurally defaulted or, if he still can raise the claim in state court, because he has not exhausted his state court remedies. The habeas corpus petition will be dismissed.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is dismissed without prejudice to any claims that petitioner has not yet exhausted in state proceedings.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: JUNE 11, 2009